The document below is hereby signed.

Signed: July 09, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
HAILU T. HASSEN and HIRUT          )     Case No. 10-00245
HASSEN,                            )     (Chapter 7)
                                   )     **For Publication in West's**
              Debtors.             )     **Bankruptcy Reporter**

MEMORANDUM DECISION AND ORDER RE OBJECTION TO EXEMPTIONS

The chapter 7 trustee has objected to the debtors'

exemptions under the Bankruptcy Code (11 U.S.C.).  The objection

will be sustained for the following reasons.

I

Mr. Hassen resides in the District of Columbia and Mrs.

Hassen resides in Virginia.  The trustee's objection seeks

disallowance of the debtors' election of the exemptions listed in

11 U.S.C. § 522(b)(2) (property specified in 11 U.S.C. § 522(d)),

and an order directing the debtors to file an amended Schedule C

applying the exemptions available under Bankruptcy Code

§ 522(b)(3), with Mr. Hassen claiming as any state law exemptions

District of Columbia exemptions and Mrs. Hassen claiming as any

state law exemptions Virginia exemptions, and compelling the

debtors to turn over any property not claimed to be exempt.  For

the reasons that follow, I conclude that if the alternative of

electing § 522(b)(2) exemptions does not exist for both spouses,

the deemed-to-elect provision of the last sentence of § 522(b)(1)

does not come into play, and each spouse must elect exemptions

under § 522(b)(3).

                                II

     In 11 U.S.C. § 522(b)(1), the Bankruptcy Code generally

gives a debtor the right to elect to exempt the property listed

in § 522(b)(2) (the property specified at length in 11 U.S.C.

§ 522(d)) or to exempt the property exemptible under § 522(b)(3),

namely:

- property exemptible under federal nonbankruptcy law

  (*i.e.*, federal law other than 11 U.S.C. § 522(d));

- property exemptible under the state law deemed to apply

  to the debtor under § 522(b)(3);

- certain interests as a tenant by the entirety or joint

  tenant that is exempt from process under applicable

  nonbankruptcy law; and

- certain retirement funds.

But the general rule has an exception: under § 522(b)(2), the

exemption of property specified in § 522(d) is unavailable if

"the State law that is applicable to the debtor under paragraph

(3)(A) specifically does not so authorize."  In other words, a

state may opt out of letting the debtor elect the exemptions of

property listed under § 522(b)(2) (the property specified in

§ 522(d)).

Mrs. Hassen is domiciled in Virginia, and under 11 U.S.C.

§ 522(b)(3)(A), Virginia law is the law applicable to Mrs. Hassen

in determining exemptions that she could elect under state law.

Virginia, within the meaning of the ending clause of 11 U.S.C.

§ 522(b)(2), "specifically does not . . . authorize" a debtor to

elect the exemptions of the property listed under 11 U.S.C.

§ 522(b)(2), thus making Virginia a so-called "opt out" state.

Accordingly, Mrs. Hassen is barred from electing § 522(b)(2)

exemptions.  She has no alternative available to her: she must

claim exemptions under § 522(b)(3), including any exemptions

available to her under Virginia law.

Mr. Hassen, in contrast, is domiciled in the District of

Columbia, and under 11 U.S.C. § 522(b)(3)(A), District of

Columbia law is the law applicable to Mr. Hassen in determining

exemptions that he could elect under state law.  The District of

Columbia, unlike Virginia, does not forbid Mr. Hassen's electing

the exemptions of the property listed under § 522(b)(2).

Accordingly, if he had filed a non-joint case, he could have

elected either § 522(b)(3) exemptions or the federal bankruptcy

exemptions listed in § 522(b)(2).

When spouses file a joint case, however, § 522(b)(1)

provides that "one debtor may not elect to exempt property listed in paragraph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection."  The trustee argues that Mrs. Hassen, domiciled in Virginia, cannot elect the exemptions listed under § 522(b)(2), and must elect the exemptions available to her under § 522(b)(3).  The trustee argues that, in turn, when Mrs. Hassen, as required by § 522(b)(2), elects the exemptions available to her under § 522(b)(3), § 522(b)(1) forbids Mr. Hassen, even though he is domiciled in the District of Columbia, a non-opt-out state, from electing the exemptions under § 522(b)(2).  Consistent with the restrictions imposed upon Mrs. Hassen's choice of exemptions, Mr. Hassen must elect the exemptions available to him under § 522(b)(3) (including, in his case, any exemptions available under District of Columbia law).

Mr. and Mrs. Hassen respond that this preliminary analysis is incomplete because § 522(b)(1), when read in its entirety, authorizes their electing § 522(b)(2) exemptions.  More fully, the relevant portion of § 522(b)(1) governing joint cases provides:

> In joint cases . . . one debtor may not elect to exempt property listed in paragraph (2) and the other debtor elect to exempt property listed in paragraph (3) of this subsection.  If the parties cannot agree on the alternative to be elected, they shall be deemed to elect paragraph (2), where such election is permitted under the law of the jurisdiction where the case is filed.

4

Mr. Hassen desires to elect under § 522(b)(2), not under

§ 522(b)(3), and "the law of the jurisdiction where the case is

filed," the law of the District of Columbia, permits debtors to

make an election under § 522(b)(2).  It follows, they argue, that

with Mr. Hassen desiring to elect under § 522(b)(2), even if Mrs.

Hassen desired to elect under § 522(b)(3), the pertinent language

of § 522(b)(1), in the case of parties who cannot agree on the

alternative to be elected, would require that "they shall be

deemed to elect under paragraph (2)."

        I agree with the trustee that the last sentence of

§ 522(b)(1), upon which the Hassens rely, is inapplicable.

Unlike this case, in a case where each spouse is deemed under 11

U.S.C. § 522(b)(3)(A) to be subject to the laws of a state that

is *not* an opt out state, such that both spouses have the

alternative of electing exemptions under either § 522(b)(2) or

§ 522(b)(3), the last sentence of § 522(b)(1) governs what to do

if the spouses cannot agree on which alternative to elect.   But

Mr. and Mrs. Hassen's rights to elect exemptions under state law

are governed by, respectively, the District of Columbia and

Virginia, and the latter state *is* an opt out state.  Under

Virginia law, Mrs. Hassen is *required* to elect § 522(b)(3)

exemptions.  For her, § 522(b)(2) is not an available

"alternative to be elected" within the meaning of the last

sentence of § 522(b)(1).  *See In re Connor*, 419 B.R. 304, 307

(Bankr. E.D.N.C. 2009) (husband-debtor was *required* by North

Carolina law to elect North Carolina exemptions, and thus the

last sentence of § 522(b)(1) was inapplicable).[1]  It is only when

the "alternative" of claiming exemptions under § 522(b)(2) is

available to both spouses that the debtors can be deemed by the

last sentence of § 522(b)(1) to elect § 522(b)(2) exemptions.

Under the last clause of § 522(b)(1), if the parties cannot

agree on which of two alternative exemption schemes to elect,

"they shall be deemed to elect paragraph (2), where such election

is permitted under the law of the jurisdiction where the case is

filed."  The Hassens might argue that this clause dictates

whether they should be deemed to have elected § 522(b)(2)

---

[1]  In *In re Connor*, the debtor-wife was allowed to elect
exemptions under § 522(b)(2) and the debtor-husband was ordered
to claim exemptions under § 522(b)(3), seemingly in conflict with
the command of § 522(b)(1) that one spouse may not elect under
§ 522(b)(2) and the other under § 522(b)(3).  The result was
compelled by the savings clause of § 522(b)(3).  The debtor-wife
was subject to Florida law as the state law governing permissible
state law exemptions under § 522(b)(3).  But because Mrs. Connor
was no longer domiciled in Florida when the case was commenced,
Florida law barred her from utilizing Florida exemptions.  She
resorted to the last sentence of § 522(b)(3) (a hanging
paragraph) which provides:

> If the effect of the domiciliary requirement under
> subparagraph (A) is to render the debtor ineligible for
> any exemption, the debtor may elect to exempt property
> that is specified under subsection (d).

She was thus *required* to resort to the exemptions listed in
§ 522(b)(2), specifically, the property specified in § 522(d).
*In re Connor*, 419 B.R. at 306.  Accordingly, for her too, there
was no question of electing either § 522(b)(2) or § 522(b)(3)
exemptions.  The alternative did not exist.

exemptions, and that the trustee's interpretation would render
that clause meaningless.   In other words, they would argue, so
long as the jurisdiction where the case is filed is not an opt
out state, the alternative exemption scheme of § 522(b)(2) is
deemed available to both debtors, and the debtors will be deemed
to have elected § 522(b)(2) exemptions.   But the last clause of
§ 522(b)(1) is only applicable when, under the first clause of
§ 522(b)(1)--reading "[i]f the parties cannot agree on the
alternative to be elected"--there is the "alternative" of both
spouses electing either exemption scheme.   Mrs. Hassen is not
permitted to elect § 522(b)(2) exemptions and is required to
elect § 522(b)(3) exemptions.   The "alternative" of both debtors
electing § 522(b)(2) exemptions does not exist.

### III

The Hassens might argue that this approach, of treating the
deemed-to-have-elected provision as unavailable when one of the
debtors resides in an opt out state, renders the last clause of
§ 522(b)(1) surplusage, and that this renders the foregoing
analysis inappropriate.   I do not agree.   The last clause of
§ 522(b)(1) reinforces the restriction set forth in § 522(b)(2)
that a debtor may not "elect" § 522(b)(2) exemptions if the
debtor is prohibited from making such an election by the laws of
an opt-out state, and it clarifies that the deemed-to-have-
elected provision is not intended to negate or alter the

restriction set forth in § 522(b)(2).  To the extent the court
interprets the clause as restating a restriction already set
forth in § 522(b)(2), there is no rule of construction
prohibiting a statutory redundancy of this sort.  *See In re
Bankvest Capital Corp.*, 360 F.3d 291, 301 (1st Cir. 2004) ("There
may be substantial overlap among the provisions of § 365(b)(2),
but redundancy is not the same as surplusage."); *Bank Midwest,
Minnesota, Iowa, N.A. v. Lipetzky*, 674 N.W.2d 176, 181 (Minn.
2004) ("there is no rule of construction that precludes
redundancy in a statute").

                                IV

    The final clause of § 522(b)(1) provides that the "deemed-
to-elect" rule does not apply when a joint case is filed in a
jurisdiction whose laws do not permit the election of § 522(b)(2)
exemptions.  What that clause was attempting to accomplish, but
did so imperfectly, was to emphasize that the deemed election of
§ 522(b)(2) exemptions by both spouses does not apply when the
governing state is an opt out state, such that the "alternative"
generally available to debtors of either § 522(b)(2) or
§ 522(b)(3) exemptions does not exist.  In many cases (and
experience teaches that it is in most cases), the last sentence
of § 522(b)(1) provides a default rule for which set of
exemptions the debtors are deemed to elect when they are each
entitled to claim either of the two alternative exemption schemes

but cannot agree.  Because of its concluding clause, however, the

last sentence of § 522(b)(1) does not supply an election in some

joint cases even when both spouses are entitled to claim

exemptions under either § 522(b)(2) or § 522(b)(3) but cannot

agree.

Consider two debtors who file a case in an opt out state

(say, Virginia) and who are governed by the law of a non-opt-out

state (say, the District of Columbia) regarding the exemptions

that may be invoked under § 522(b)(3).  If the parties cannot

agree on which of the two alternative exemption schemes to elect,

§ 522(b)(2) or § 522(b)(3), then § 522(b)(1) provides that "they

shall be deemed to elect paragraph (2), *where such election is

permitted under the law of the jurisdiction where the case is

filed.*" [Italics added.] Because the law of Virginia, the

jurisdiction where the case is filed, does not permit a debtor to

elect § 522(b)(2) exemptions, the debtors will *not* be deemed to

elect § 522(b)(2) exemptions even though District of Columbia

law, the law that governs under § 522(b)(3), permits them to

elect either § 522(b)(2) or § 522(b)(3) exemptions.

That shortfall in the deemed-to-elect rule of the last

sentence of § 522(b)(1), caused by the sentence's last clause,

does not, however, present a reason to adopt the Hassens'

interpretation of the statute.  All that this shortfall means is

that occasionally (as in the hypothetical) a bankruptcy court

will be called upon to decide which set of exemptions spouses are required to elect when they cannot agree.  The statute is clear that both spouses must claim exemptions under the same provision, either § 522(b)(2) or § 522(b)(3), when the alternative of electing under either provision is available to both spouses. The deemed-to-elect provision does not alter that requirement. The statute is equally clear that if one spouse is limited to § 522(b)(3) exemptions,  the other spouse may not elect § 522(b)(2) exemptions, and thus the deemed-to-elect provision of the last sentence does not come into play.

It is apparent that the last clause of § 522(b)(1) was a drafting error.  The provision appears to have been drafted based on the erroneous assumption that debtors will file in a jurisdiction located in a state whose law governs their § 522(b)(3) exemption rights.  That assumption is erroneous on two scores.  First, venue under 28 U.S.C. § 1408 can be proper based on where the debtor's principal place of business or principal U.S. assets have been located, whereas the governing state for § 522(b)(3) purposes turns on where the debtor has been domiciled.  Second, improper venue can be waived.

Recognizing that there was an apparent drafting error, however, does not require a different outcome in this case. Instead, it supports my interpretation of § 522(b)(1) that the deemed-to-elect provision of the last sentence does not apply

10

when one (or each) of the spouses is barred by state law from

electing § 522(b)(2) exemptions.  Recognizing that there was a

drafting error supports the conclusion that the last clause of

§ 522(b)(1) was intended to reinforce, not to create an exception

to, the rule that the deemed-to-elect provision does not come

into play if one (or each) of the spouses is barred from electing

§ 522(b)(2) exemptions in the first place, such that the

statutory "alternative" of both spouses electing § 522(b)(2) or

§ 522(b)(3) exemptions does not exist.

V

An order follows sustaining the objection to exemptions,

requiring the debtors within 14 days to file amended Schedules C

claiming exemptions under § 522(b)(3), and requiring the debtors,

within 14 days after written demand of the trustee, to turn over

to the trustee any property that becomes non-exempt under the

debtors' amended Schedules C.

[Signed and dated above.]

Copies to: Debtors; Debtors' attorney; Chapter 7 Trustee; Office
of United States Trustee.

O:\TEXX\Judge Teel Docs\Mamann - Objection to Exemptionsv4.wpd